Sidney LAMB, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00730–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 2005.

Donald W. Bankston, Richmond, for appellant.

Donald W. Rogers, Jr., Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Sidney Lamb, of aggravated robbery and assessed his punishment at confinement for 60 years and a $1,000 fine. *See* TEX. PEN. CODE ANN. § 29.03 (Vernon 2003). In four points of error, appellant argues that the trial court erred during the punishment phase of the trial by admitting (1) extraneous offense testimony and (2) appellant's Texas Department of Criminal Justice (TDCJ) disciplinary records.

We affirm.

## Background

Around 3:00 a.m. on the morning of July 18, 2002, James Doku, a newspaper deliveryman, was delivering newspapers to customers on his route. As he drove his green Chevy Blazer into the entrance of the Polo Club Apartments in Houston, Texas, Doku was followed by appellant and two other men in a white Toyota Corolla. When Doku got out of his Blazer and began restocking a newspaper stand, appellant approached him with a shotgun, and forced him to lie on the ground. While Doku lay on the ground, the two men accompanying appellant drove away in his Blazer. Shortly thereafter, appellant stole Doku's wallet and fled in the Corolla.

Appellant raises no points of error related to the guilt-innocence phase of his trial. Rather, he contests the admissibility of evidence presented during the punishment phase, specifically the testimony of Shazia Jackson and the admission of his TDCJ disciplinary records.

### Jackson's Testimony

During the punishment phase of trial, records were introduced indicating that appellant had been indicted in three separate causes, nos. 823811, 823812, and 823813, for robbery, aggravated kidnapping, and sexual assault, respectively, as a result of a June 3, 1999 incident in which Jackson was the complainant. The record contains no evidence that appellant's indictments in cause nos. 823812 and 823813, for aggravated kidnapping and sexual assault, ever proceeded to trial. As a result of the June 3, 1999 incident, appellant was tried for robbery in cause no. 823811 and convicted of the lesser included offense of misdemeanor assault.

Consistent with Article 37.07 of the Texas Code of Criminal Procedure, the State notified appellant of its intent to introduce extraneous offense evidence regarding

cause no. 823811 during the punishment phase of trial. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2005). In a hearing outside the jury's presence, the State indicated that it would call Jackson to testify about all of the facts and circumstances of the June 3, 1999 incident. The State indicated that Jackson's testimony would include evidence of sexual assault and robbery. Appellant objected, arguing that any testimony by Jackson regarding sexual assault, kidnapping, or robbery in connection with the June 3, 1999 incident was collaterally estopped because he had not been convicted of those offenses. Appellant also raised a Rule 403 objection to the proposed testimony, contending that it would be more prejudicial than probative of any relevant facts. *See* Tex.R. Evid. 403. The trial court overruled appellant's objections and granted him a running objection to Jackson's testimony.

Jackson testified that she and appellant had arranged a date on June 3, 1999. During the course of the date, Jackson drove appellant to the home of one of his friends. While Jackson was inside, appellant took her car without permission. He returned a short time later, and Jackson and appellant left his friend's home in Jackson's car. Jackson then drove appellant to his residence. Upon arriving, the two began arguing. Appellant forcibly took Jackson's keys and attempted to shove her into his home through a back window. When this failed, appellant bit Jackson, forcibly pulled at her clothes, and penetrated her vagina with his penis. Appellant then forced Jackson back into her car and drove her to an area park where he talked with some friends. When Jackson attempted to escape, appellant threw her on the ground and struck her with his foot. After two people assisted her, Jackson managed to flee and called police from a nearby store.

After Jackson was excused, and outside the jury's presence, appellant again objected to Jackson's testimony on the basis of collateral estoppel. Appellant stated that his indictments for kidnapping and sexual assault had been expunged, which indicated that he was acquitted of those charges. Appellant asked the trial court to reconsider the admissibility of Jackson's testimony. In response, the State reiterated its earlier position, namely that appellant had not been acquitted of kidnapping or sexual assault, and argued that because appellant was convicted of misdemeanor assault, it was permissible for Jackson to offer testimony concerning the events that led to that conviction. The court again overruled appellant's objections.

Appellant then questioned a clerk from the Harris County District Court, who testified that the records accompanying appellant's indictments for kidnapping and sexual assault had been expunged. The clerk did not state that the records had been destroyed, indicating only that they had been made inaccessible to the public. On cross-examination, the clerk indicated that records may be expunged for reasons other than acquittal.

### TDCJ Disciplinary Records

Also during the punishment phase of appellant's trial, the State introduced in evidence a packet of records from the TDCJ identifying disciplinary infractions appellant committed while confined in the Institutional Division of the TDCJ. The properly authenticated records stated that appellant: (1) intentionally damaged a state-owned jacket; (2) failed to obey the instructions of a prison guard; and (3) entered a bunk without authorization. The redacted records contained no information as to why appellant was confined. Prior to the introduction of the records, appellant objected outside the jury's pres-

ence that the records impermissibly gave the impression that appellant was convicted of a felony then under appeal,[1] and were in violation of Rule 403. The trial court overruled appellant's objections.

### Standard of Review

■■■ We review a trial court's actions as to the admissibility of extraneous offense evidence under an abuse of discretion standard. *See Roberts v. State,* 29 S.W.3d 596, 600 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion, and we must uphold the ruling. *Id.*

■■■ During a trial's guilt-innocence phase, the State generally may not introduce evidence of bad acts similar to the offense charged in order to prevent an accused from being prosecuted for some collateral crime or misconduct. *Id.* at 600–01. Evidence of extraneous crimes or bad acts, however, may be admitted during a trial's punishment phase if it is deemed relevant to sentencing by the trial court. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). A trial court has wide discretion in deciding the admissibility of evidence presented at the punishment phase of trial. *See Henderson v. State,* 29 S.W.3d 616, 626 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Article 37.07, § 3(a)(1) of the Code of Criminal Procedure specifically provides that:

> [E]vidence may be offered by the [S]tate and the defendant as to any matter the

court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). The trial court is the authority on the threshold issue of the admissibility of relevant evidence during the punishment phase, while the jury determines whether or not the burden of proof for those offenses presented has been satisfied by the party offering the evidence. *See Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App.1996).

■■■ Evidence of past bad acts may also be introduced if it constitutes same transaction contextual evidence.[2] *See Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim. App.1993). When several crimes are intermixed, blended, or connected with one another so that they form an indivisible criminal transaction, they are collectively referred to as same transaction contextual evidence. *See Wyatt v. State,* 23 S.W.3d 18, 25 (Tex.Crim.App.2000); *Mayes v. State,* 816 S.W.2d 79, 86–87 (Tex.Crim.App.1991).

---

1. Two hours after robbing Doku, appellant and his companions robbed Rupert Carroll. *Lamb v. State,* No. 01–03–00587–CR, 2004 WL 1472114 (Tex.App.-Houston [1st Dist.] July 1, 2004, pet. ref'd) (mem.op.). Appellant was convicted of aggravated robbery in the Carroll case. *Id.* He conviction in that case was affirmed by this court on July 1, 2004. *Id.*

2. There are two types of contextual evidence: (1) evidence of other offenses connected with the primary offense, referred to as same transaction contextual evidence and (2) general background evidence referred to as background contextual evidence. *Mayes v. State,* 816 S.W.2d 79, 86–87 (Tex.Crim.App.1991).

Same transaction contextual extraneous offense evidence is admitted, not because it has any particular evidentiary purpose, but rather, because in narrating the one offense, it is impracticable to avoid describing the other extraneous offense. *See Mayes,* 816 S.W.2d at 86–87. Thus, same transaction contextual offense evidence illuminates the nature of the crime alleged by imparting to the trier of fact information essential to understanding the context and circumstances of events. *See Camacho v. State,* 864 S.W.2d 524, 532 (Tex. Crim.App.1993).

## Analysis

### *Appellant's Collateral Estoppel Complaint Regarding Jackson's Testimony*

In his first point of error, appellant contends that the trial court abused its discretion by admitting testimony from Jackson that was collaterally estopped, and therefore barred by the constitutionally based doctrine of double jeopardy.

The Fifth Amendment's protection against double jeopardy embodies the collateral estoppel doctrine. *Ashe v. Swenson,* 397 U.S. 436, 445–46, 90 S.Ct. 1189, 1197, 25 L.Ed.2d 469 (1970). "When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. Thus, once a jury determines a specific fact in favor of a criminal defendant, the State cannot contest the jury's finding in a subsequent proceeding. *Ex parte Watkins,* 73 S.W.3d 264, 268 (Tex.Crim.App.2002). This prohibition on relitigating decided facts applies to both the guilt-innocence and punishment phases of a criminal prosecution. *See Ex parte Mathes,* 830 S.W.2d 596, 598 (Tex.Crim.App.1992).

In applying the doctrine of collateral estoppel, a court must first determine if the fact in question was decided during a previous trial. *Ex parte Watkins,* 73 S.W.3d at 268. To do so, a court "must review the entire trial record, as well as the pleadings, the charge, and the arguments of the attorneys, to determine 'with reason and rationality' precisely which facts the jury *necessarily* decided and whether the scope of its findings regarding specific historical facts bars relitigation of those same facts in a second criminal trial." *Id.* at 268–69 (quoting *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1189). The defendant bears the burden of demonstrating that the record affirmatively shows that the fact in question was formerly determined. *See Guajardo v. State,* 109 S.W.3d 456, 460 (Tex.Crim.App.2003).

Appellant contends that he was previously acquitted of charges that he sexually assaulted, kidnapped, and robbed Jackson, and thus her testimony relating to these offenses was collaterally estopped. Appellant's contention is without merit for two reasons.

First, appellant fails to establish that a previous jury trial decided any facts in his favor concerning the offenses of kidnapping and sexual assault. Appellant supports his contention that he was acquitted of sexual assault and kidnapping by noting that although he was indicted for those offenses, the corresponding records were expunged. Appellant argues that because the records were expunged, he must have been acquitted. Expunction, however, cannot be equated with acquittal. The Texas Code of Criminal Procedure provides that an expunction may be granted when an indictment is dismissed or quashed due to "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the

offense or because it was void." TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2005). Appellant has not produced the trial record from the prior proceedings, the pleadings, the charge, or the argument of the attorneys. Because the records appellant cites could have been expunged on the basis of the respective indictments being dismissed on various grounds, and appellant has produced no evidence to support his contention that he was acquitted of the charges as to which Jackson testified, appellant has failed to carry his burden of proving collateral estoppel.[3]

Second, Jackson's complained of testimony constituted same transaction contextual evidence. *See Rogers*, 853 S.W.2d at 33. Appellant was convicted for misdemeanor assault in cause no. 823811. During the punishment phase of trial, consistent with Article 37.07, the State introduced the trial court's judgment and sentence for cause no. 823811. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). At no time did the State elicit testimony indicating that appellant was convicted of sexual assault, kidnapping, or robbery.[4] Jackson's testimony related to a single, albeit prolonged, encounter with appellant from which each of the offenses at issue flowed. Her testimony described the events that resulted in appellant's conviction for misdemeanor assault. In narrating these events, it would have been impracticable for Jackson to avoid describing the other extraneous offenses. *See Mayes*, 816 S.W.2d at 86–87.

We overrule appellant's first point of error.

### *Appellant's Rule 403 Complaint Regarding Jackson's Testimony*

In his second point of error, appellant contends that the trial court erred in admitting Jackson's testimony in violation of Texas Rule of Evidence 403.

Although a trial court possesses wide latitude in determining the admissibility of evidence presented at the punishment phase of trial, admitted evidence must satisfy Rule 403. *See Rogers v. State*, 991 S.W.2d 263, 266 (Tex.Crim.App. 1999). Rule 403 provides for the exclusion of relevant evidence when its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." TEX.R.

---

**3.** Appellant argues that because the records in question were expunged, he was unable to provide a more complete record for the court to review. Appellant's claim is contradicted by the plain language of various statutory provisions. Article 55.02 of the Code of Criminal Procedure provides that court records concerning expunction proceedings are accessible to "the person who is the subject of the order." TEX.CODE CRIM. PROC. ANN. art. 55.02, § 5(c) (Vernon Supp.2005). Article 55.02 further provides that records expunged because of an acquittal shall be made inaccessible to the public, but not be destroyed. *Id.* at § 5(d). Article 55.03 provides that expunged records themselves, if they are not destroyed, are accessible to the person who is the subject of the criminal history record information. *Id.* art. 55.03. In sum, these statutory provisions suggest that: (1) at a minimum, appellant could have provided a record of the expunction proceedings, if any; (2) if appellant's records were expunged because of an acquittal they have not been destroyed; and (3) if appellant's records have not been destroyed, they are accessible to him. Thus, without more, we cannot accept appellant's contention that the records at issue are beyond his reach. We also note that appellant made essentially the same argument in *Lamb v. State*, No. 01–03–00587–CR, 2004 WL 1472114 (Tex.App.-Houston [1st Dist.] July 1, 2004, pet. ref'd) (mem.op.). In that appeal, appellant also failed to produce evidence in support of his contention that he was acquitted in cause nos. 823812 and 823813.

**4.** We note that the jury learned that appellant had been indicted for sexual assault and kidnapping only after appellant's trial counsel introduced into the evidence the indictments corresponding to those offenses.

Evid. 403. Thus, relevant evidence otherwise admissible under Article 37.07 is inadmissible if it fails to comport with Rule 403. *See Rogers*, 991 S.W.2d at 266–67. A Rule 403 objection requires that the trial court balance the probative value of the evidence against its potentially prejudicial effect. *Montgomery v. State*, 810 S.W.2d 372, 388–90 (Tex.Crim.App.1990). Such a balancing test includes, but is not limited to, four factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Id.* at 389–90; *see also Sunbury v. State*, 88 S.W.3d 229, 235 (Tex. Crim.App.2002) (suggesting in dicta that the *Montgomery* factors apply to Rule 403 decisions on punishment evidence).

Appellant contends that Jackson's testimony indicating that he robbed, kidnapped, and sexually assaulted her violated Rule 403 because its prejudicial effect substantially outweighed its probative value. Appellant's claim rests largely on his insistence that he was acquitted of kidnapping and sexual assault. He contends that his acquittal on those charges undermines any probative value accorded to the facts and circumstances surrounding the events of June 3, 1999.

Appellant's Rule 403 arguments are without merit. Although Jackson's testimony was undoubtedly prejudicial, we cannot say that the trial court abused its discretion in concluding that its probative value was not substantially outweighed by the danger of unfair prejudice. Jackson's testimony was highly probative of appellant's character and thus instrumental in giving complete information to the jury so that it could tailor an appropriate sentence. *See Erazo v. State*, 144 S.W.3d 487, 491 (Tex.Crim.App.2004). Moreover, the State only briefly examined Jackson on the details of appellant's sexual assault against her. Finally, as previously noted, appellant failed to establish that he was acquitted of kidnapping and sexual assault. By providing the details of appellant's assault against her, Jackson's testimony was probative of a prior adjudicated offense for which appellant was found guilty. We conclude that the trial court's determination that the complained-of evidence was not prohibited by Rule 403 falls within the zone of reasonable disagreement. *See Roberts*, 29 S.W.3d at 600.

We overrule appellant's second point of error.

### Appellant's TDCJ Disciplinary Records Complaints

■ In his third and fourth points of error, appellant contends that the trial court erred in admitting his TDCJ disciplinary records.

■ It is well within the trial court's discretion to admit properly authenticated records of disciplinary infractions during a trial's punishment phase. *See Jackson v. State*, 822 S.W.2d 18, 30–31 (Tex.Crim. App.1990), *cert. denied*, 509 U.S. 921, 113 S.Ct. 3034, 125 L.Ed.2d 722 (1993). Such records constitute admissible evidence for the purposes of showing extraneous bad acts by a defendant during a trial's punishment phase. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).

Appellant contends that the admission of the records informed the jury that he was incarcerated for the aggravated robbery of Carroll, a conviction that was under appeal during appellant's trial in the instant case. *See Lamb v. State*, No. 01–03–00587–CR, 2004 WL 1472114 (Tex.App.-Houston [1st Dist.] July 1, 2004, pet. ref'd) (mem.op.). Though Carroll did testify during the punishment phase about his encounter with appellant, the State did not present any evidence that appellant's imprisonment re-

sulted from those events. As appellant's confinement was necessarily related to the challenged disciplinary records, the State could not have introduced the records without revealing that appellant was in the TDCJ's custody.

█ Appellant further contends that the admission of his TDCJ records violated Rule 403, because the records' probative value was substantially outweighed by the danger of unfair prejudice and jury confusion. Appellant's contention is without merit. The complained-of records were probative in that they informed the jury of appellant's character and provided relevant information for the jury to assess an appropriate sentence. *See Erazo,* 144 S.W.3d at 491.

As noted, a trial court possesses wide discretion in determining the admissibility of evidence during a trial's punishment phase. *See Henderson,* 29 S.W.3d at 626. We conclude that the trial court's admission of appellant's TDCJ records was not an abuse of discretion.

We overrule appellant's third and fourth points of error.

## Conclusion

We affirm the judgment of the trial court.