



# MEMORANDUM OPINION

No. 04-07-00499-CR

Ronald Alan **NICHOLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. 2007
Honorable Pedro Gomez, Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Justice
Karen Angelini, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    August 6, 2008

AFFIRMED

Appellant Ronald Alan Nicholas pled guilty to three counts of possession of child pornography and was sentenced on each count to ten years confinement and a $10,000.00 fine. On appeal, Nicholas contends the trial court erred by allowing the State to introduce evidence in violation of Rule 403 of the Texas Rules of Evidence. We affirm the trial court's judgment.

**BACKGROUND**

Nicholas was indicted on three counts of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26 (Vernon 2003). Nicholas pled guilty before the jury to all three counts and elected to have jury assess punishment. The evidence established Nicholas had been an art teacher in the Sonora Independent School District ("SISD") for twenty-three years. Erik Craig, a technology director for SISD testified that after a new computer filtering system was installed, he noticed a number of Internet sites were being blocked because they were adult-oriented sites. Craig learned most of the blocks were from a single computer in the Sonora High School art room. He testified that at the time of his discovery Nicholas was the school's art teacher. When the art room computer was again used to attempt to access an adult-oriented site, Craig, who was monitoring the computer remotely from a conference room next to the principal's office, notified the school superintendent, Brant Myers, and principal, Raul Chavarria. Craig and Myers testified access was attempted on a school day during school hours.

When he learned an adult-oriented website was currently being accessed by someone using the art room computer, Myers instructed Chavarria to go to the art room and "see who is sitting at that computer." Chavarria found Nicholas sitting at the computer and brought him to the principal's office. According to Myers, when confronted, Nicholas admitted accessing "inappropriate" websites from the art room computer. Craig testified he was instructed to unhook the computer and place it in the administration building until police could retrieve it. Later in the day, Craig was asked to return to the high school to access some CDs discovered in the art room. He testified the CDs contained "movies of children doing sexual things." The computer and all the material from the room were turned over to police.

The State introduced into evidence 116 photographs depicting child pornography seized from notebooks and CDs in the art classroom used by Nicholas. The State also offered testimony from Jennifer Land, an employee in the forensic document section of the Texas Department of Public Safety Crime Laboratory. Land testified the forensic document section was asked to analyze the computer, CDs, and DVDs seized from Nicholas's classroom to determine if they contained images of child pornography. Over Nicholas's objection, she declared the forensic section recovered approximately 13,000 images of apparent child pornography.

As instructed by the court, the jury found Nicholas guilty on all counts. The jury assessed punishment on each count at ten years imprisonment in the Texas Department of Criminal Justice–Institutional Division and a $10,000.00 fine. The trial court ordered the sentences to run consecutively. *Id*. § 3.03(b)(3)(A) (Vernon Supp. 2007) (stating that if defendant is found guilty of more than one offense arising out of same criminal episode, sentences may run consecutively if each sentence is for conviction of offense under section 43.26 of penal code). Nicholas filed a timely notice of appeal.

## DISCUSSION

In two points of error, Nicholas argues the trial court abused its discretion in allowing the State to introduce into evidence Land's testimony regarding the 13,000 images of apparent child pornography and that such error was harmful. He contends this evidence was admitted in violation of Rule 403 of the Texas Rules of Evidence and the error affected not only the jury's decision to sentence him to ten years, but the trial court's decision to order the sentences to run consecutively. In other words, Nicholas claims the probative value of this evidence was outweighed by the unfair prejudicial effect it had on the jury and the court.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). The trial court's decision on the admission or exclusion of evidence will be upheld as long as the ruling "was at least within the zone of reasonable disagreement." *Id*. The trial court's ruling must be upheld if it was correct under any theory of law applicable to the case. *Id*.

Unlike the guilt phase of a trial, "'the question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed.'" *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006) (quoting *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). When it comes to assessing punishment, our bifurcated system allows admission of evidence "'critical to an enlightened determination of punishment.'" *Id*. (quoting *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998)). "Generally, the jury is entitled to have before it 'all possibly relevant information about the individual defender whose fate it must determine.'" *Cooks v. State*, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 927 (1993) (quoting *Jurek v. Tex*., 428 U.S. 262, 276 (1976)). Along with the Texas Rules of Evidence, article 37.07, section 3(a) of the Texas Code of Criminal Procedure is one of the "guiding principles for the admissibility of evidence at the punishment phase of a trial." *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002); *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). Article 37.07, section 3(a) permits the introduction of relevant punishment evidence, including the circumstances of the offense and extraneous offense evidence. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a). Though article 37.07, section 3(a) permits a broad range of relevant evidence to be admitted at punishment, such evidence must satisfy rule 403 of the Rules of Evidence. *Lamb v. State*, 186 S.W.3d 136, 143 (Tex. App.–Houston [1st Dist.] 2005, no pet.). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. As used in rule 403, "unfair prejudice" means the "undue tendency" of the evidence "to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Rogers*, 991 S.W.2d at 266 (quoting *Conn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)). Accordingly, relevant evidence otherwise admissible under article 37.07, section 3(a) is inadmissible if it tends to suggest the jury impose punishment on an improper basis. *See Rogers*, 991 S.W.2d at 266; *Lamb*, 186 S.W.3d at 144.

Once a defendant has raised a rule 403 objection, the trial court is required to perform a balancing test to determine if the evidence's probative value is substantially outweighed by the alleged negative attributes of the evidence. *See Santellan v. State*, 939 S.W.2d 155, 173 (Tex. Crim. App. 1997); *Montgomery v. State*, 810 S.W.2d 372, 388-90 (Tex. Crim. App. 1991) (op. on reh'g). In conducting this balancing test, the trial court is not required to conduct a formal hearing or even announce that it has conducted the test; it is presumed the trial court has engaged in the required test once the rule is invoked. *See Santellan*, 939 S.W.2d at 173. Relevant evidence is presumed to be more probative than prejudicial. *See id.* at 169. The burden is on the appellant to demonstrate the damaging nature of the evidence outweighs its probative value. *Boone v. State*, 60 S.W.3d 231, 239 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd), *cert. denied*, 537 U.S. 1006 (2002).

Nicholas first suggests the trial court did not conduct the required balancing test after he lodged his rule 403 objection. We disagree. As noted above, we presume that once Nicholas made his rule 403 objection, the trial court conducted the required balancing test. *See Santellan*, 939 S.W.2d at 173. Moreover, in deciding whether to admit Land's testimony, the record demonstrates the trial court conducted a balancing test. After Nicholas and the State made their

arguments with regard to Land's testimony, the court stated it would allow Land's testimony "to put it in context of volume," but it refused to allow her to testify, as requested by the State, that this was the largest child pornography case she had ever worked.

We hold the trial court did not abuse its discretion in admitting Land's testimony that the forensic section recovered approximately 13,000 images of apparent child pornography. That Nicholas possessed not just the 116 images of child pornography introduced into evidence, but an additional 13,000 images of apparent child pornography, demonstrated the circumstances surrounding his crimes and was certainly relevant to the jury's determination of an appropriate sentence and the trial court's decision to cumulate the sentences. This evidence clarified and supported the fact that Nicholas knew he was possessing child pornography and that his possession of the 116 images was not inadvertent or accidental.

Based on the foregoing, we cannot say the trial court abused its discretion in admitting the evidence. Accordingly, we overrule Nicholas's issues and affirm the trial court's judgment.

Steven C. Hilbig, Justice

DO NOT PUBLISH