Opinion issued November 20, 2008













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00474-CR

 





LEAH D. MONROE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1067883






MEMORANDUM OPINION




 Appellant, Leah D. Monroe , pleaded guilty to possession with intent to deliver
cocaine weighing more than 400 grams, (1) and the trial court assessed punishment at
15 years in prison. In a sole point of error, appellant argues that the trial court "erred
in assuming the existence of an unproved extraneous factor in determining the
sentence." 

 We affirm.Background

 During a traffic stop on May 6, 2006, appellant, a guard for the Texas
Department of Corrections, consented to a search of the vehicle that she was driving. 
A Texas Department of Public Safety officer arrested her after he found over four
kilograms of powder cocaine in the trunk. Though another person was in the vehicle,
appellant told the officer that she was the only one who knew about the cocaine. She
provided the officer with the name of the drug dealer from whom she had picked up
the cocaine after agreeing to transport it to Louisiana. 

 Before trial, appellant pleaded guilty to possession with intent to deliver
cocaine weighing more than 400 grams. Upon completion of a pre-sentence
investigation report (PSI), appellant argued at the sentencing hearing that she was
entitled to deferred adjudication because this was her first offense. (2) The trial court
responded: 

Nobody shows up at somebody's house and picks up four kilos of
cocaine that hadn't been involved in a little something before that
happens. Nobody--no self-respecting drug dealer is going to give
somebody a half a million dollars worth of cocaine to take across the
country unless they know that person and trust that person with half a
million dollars worth of cocaine. 

 

Now, because of her, I guess, criminal history . . . I don't believe it's a
probation case in my opinion, but it is a minimum punishment case.


The trial court then assessed appellant's punishment at imprisonment for 15 years, the
statutory minimum for the offense, but it failed to include a fine.

Analysis

 In her sole point of error, appellant argues that the trial court erred by assuming
the existence of an unproved extraneous act in assessing punishment. 

 We review a trial court's actions as to the admissibility of extraneous offense
evidence under an abuse of discretion standard. Lamb v. State, 186 S.W.3d 136, 141
(Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing Roberts v. State, 29 S.W.3d
596, 600 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd)). As long as the trial
court's ruling was within the "zone of reasonable disagreement," there is no abuse of
discretion, and we must uphold the ruling. Id.

 Article 37.07 of the Texas Code of Criminal Procedure provides:

Regardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing, including but
not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant
or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the
crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008).

 Here, appellant admitted that she met with a drug dealer and agreed to transport
the large amount of cocaine he placed in the trunk of her vehicle to Louisiana. Thus,
the trial court could reasonably have inferred from the circumstances of the offense
for which she was tried that appellant had previous experience with the drug trade
and used its inference in assessing punishment within the statute's prescribed range. 
See id.; Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999) (holding that
what constitutes relevant evidence at sentencing hearing "should be a question of
what is helpful . . . in determining the appropriate sentence for a particular defendant
in a particular case" and that "the facts of the instant offense are relevant to tailor the
sentence to the particular offense"); see also Tex. Health & Safety Code Ann. §
481.112(f) (Vernon 2003) (establishing that offense is punishable by imprisonment
for term of not more than 99 years or less than 15 years). Because the trial court
could have inferred that appellant had prior experience in the drug trade, its decision
not to grant deferred adjudication falls within the zone of reasonable disagreement. 
See Lamb, 186 S.W.3d at 141. We conclude that the trial court's assessment of
punishment at imprisonment for 15 years was not an abuse of discretion. See id.

 We overrule appellant's sole point of error.Conclusion

 We affirm the judgment of the trial court. 


 

 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).





 
1. See Tex. Health & Safety Code Ann. § § 481.112(a), (f), 481.102(3)(D) (Vernon
2003).
2. The PSI report is not included in the record.