## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-13-00254-CR


CLINTON RAY SANDERS                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## DISSENTING OPINION

----------

Appellant got drunk and punched his girlfriend in the eye.  A jury found him guilty and assessed his punishment at the maximum of ten years in prison.  The majority holds that the trial court did not abuse its discretion by allowing the State to impeach Appellant's daughter with a recanted, fifteen-year-old, unprosecuted accusation that Appellant had sexually abused her at age twelve.  Because this is exactly the type of evidence that, coupling emotional impact with lack of

probative value, creates an "indelible impression" on a jury and distracts it from sentencing a defendant for the crime he committed, I dissent. *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). I would hold that the trial court abused its discretion by admitting this evidence over Appellant's rule 403 objection.

Even when the trial court determines that certain evidence is relevant to sentencing, it may still be inadmissible if the "danger of unfair prejudice" substantially outweighs its probative value. Tex. R. Evid. 403. The "unfair prejudice" referred to in rule 403 is an "'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Ex parte Lane*, 303 S.W.3d 702, 715 (Tex. Crim. App. 2009) (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)). The majority barely mentions that evidence relating to a sexual offense with a child carries the potential for unfair prejudice and, even then, discounts that potential simply because it is "relevant" to show character. This is where I part company with the majority.

Evidence of sexually related misconduct involving children is not just potentially prejudicial; it is "inherently inflammatory." *Pawlak v. State*, No. PD-1616-12, 2013 WL 5220872, at *2 (Tex. Crim. App. Sept. 18, 2013); *Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002) ("[A]n extraneous sexual offense will always carry emotional weight and the danger of impressing the jury in an irrational and indelible way."); *Bishop v. State*, 869 S.W.2d 342, 346 (Tex. Crim. App. 1993) (citing *Montgomery*, 810 S.W.2d at 397 (holding "sexually

2

related misconduct and misconduct involving children are inherently inflammatory.")).

I agree with the majority's recitation of the principal factors for a rule 403 balancing analysis as including: (1) how probative the evidence in question is; (2) the potential of the evidence to impress the jury in some prejudicial but indelible way; (3) the time needed to develop the evidence before the jury; and (4) the proponent's need for the evidence. *Montgomery*, 810 S.W.2d at 389–90; *see also Sunbury v. State*, 88 S.W.3d 229, 235 (Tex. Crim. App. 2002) (noting that trial judge did not exercise his discretion under rule 403 and did not weigh probative value against any rule 403 counterfactors); *Lamb v. State*, 186 S.W.3d 136, 144 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (noting *Sunbury's* suggestion that *Montgomery* factors apply to rule 403 decisions on punishment evidence).

But the majority's application of those factors in this case focuses only on the first, third, and fourth factors, discussing why the evidence had probative value rather than providing a meaningful analysis as to why the trial court did not abuse its discretion in its implicit ruling that the potential for the obviously inflammatory and inherently prejudicial evidence to impress the jury in an irrational and indelible way did not substantially outweigh any such probative value.

As to the first factor regarding the probative value, the court of criminal appeals tells us that the measure of the probative value of evidence of an

extraneous offense—that is, how compellingly that evidence serves to make more or less probable a fact of consequence—is often a "function of the similarity of the extraneous transaction to the charged offense." *Montgomery*, 810 S.W.2d at 389–90. There is no similarity between Appellant's alleged inappropriate touching of a twelve-year-old child and punching his girlfriend in the eye. This difference in the nature of the offenses, not to mention their separation by fifteen years' time, renders any probative value of the evidence of the alleged extraneous offense virtually nil.

The State's only argument adopted by the majority regarding the dissimilarity of offenses is that the alleged extraneous offense was somehow probative as serving to establish a "pattern of serious, continuing criminal conduct" against family members, which would aid the jury in determining whether to place Appellant on community supervision. Not only the entirely different nature of the offenses but also the passage of fifteen years since the alleged extraneous misconduct belies the majority's conclusion that the alleged sexual offense fifteen years in the past was somehow probative to establish any pattern of continuing conduct against family members. The commission of two entirely different types of conduct fifteen years apart simply is not a "pattern of . . . continuing criminal conduct" that would aid the jury in sentencing Appellant for the current offense.

The court of criminal appeals has also informed us that the measure of probative value is often a "function of the strength of the proponent's evidence" to

4

show that the appellant committed the extraneous offense. *See Montgomery*, 810 S.W.2d at 390. The evidence consisted only of the daughter's written statement, which she vehemently repudiated both on and off the stand, which was uncorroborated by any other evidence, and which involved an alleged offense for which Appellant was never prosecuted. I believe the majority incorrectly construes Appellant's brief in this regard as attempting to raise a legal insufficiency of evidence issue that Appellant failed to preserve for appeal. I disagree. Strength or weakness of the evidence is, indeed, a proper factor in a rule 403 analysis and was properly preserved by Appellant's trial objection that the prejudice outweighed any probative value under that rule.

Moreover, the State had no compelling need for the daughter's statement to show a continuing pattern of physical conduct against family members by Appellant in order to aid the jury in determining an appropriate sentence. Appellant's 2009 misdemeanor charge of hitting his son with a two-by-four, to which he pled no contest, the undisputed evidence that Appellant punched his brother in the face immediately after hitting his girlfriend on the night in question, and his son's and daughter's testimony (although they denied any physical violence) that Appellant and his former wife had fought before their divorce, constituted relevant evidence that amply sufficed to establish Appellant's tendency to commit physically violent acts against family members.

The alleged sexual misconduct described in the daughter's statement was not only inherently prejudicial because of its sexual nature but also injected the

5

element of incest, exacerbating the danger that it would impress the jury in an irrational and indelible way, distracting the jurors from making a reasoned decision on the properly admissible evidence, and inexorably swaying them to base their decision on the emotional impact of the incident described in the statement rather than on the offense of which Appellant was convicted. *See Ex parte Rogers*, 369 S.W.3d 858, 865 (Tex. Crim. App. 2012); *Montgomery*, 810 S.W.2d at 397; *Bjorgaard v. State*, 220 S.W.3d 555, 562 (Tex. App.—Amarillo 2007, pet. granted); *see also Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App.) (explaining that "unfair prejudice" factor of rule 403 asks how much potential exists for complained-of extraneous-offense evidence to sway the jury in an irrational or emotional way, distracting it from making a reasoned response based on relevant evidence), *cert. denied*, 519 U.S. 951 (1996).[1] The time spent in developing the evidence of the extraneous alleged offense was not extensive, but hearing the statement being read by the prosecuting attorney while the daughter was on the stand was enough. That the State did not belabor the issue in what was otherwise a short record does not lessen the shock value and inherently prejudicial effect on the jury in the context of this case.

---

[1]I agree that "unfair prejudice" does not mean simply an adverse or detrimental effect of the evidence in question since typically all evidence a party offers will prejudice the opponent's case. Rather, it refers to an undue tendency to reach a decision on an improper basis, usually an emotional one. *Casey v. State*, 215 S.W.3d 870, 879–880 (Tex. Crim. App. 2007).

I would hold that any probative value of the complained-of evidence was slight and was substantially outweighed by the inherent danger of unfair prejudice to Appellant and that the trial court abused its discretion by admitting it. Appellant's episodes of physical violence, along with his misdemeanor convictions for DWI, driving with a suspended license, and failure to identify are consistent with the testimony from both his son and daughter of a progressive drinking problem for which the evidence established that community supervision would provide ample opportunities for both in-patient, as well as out-patient treatment, of which Appellant was already availing himself. Viewing the record in its entirety, the jury's verdict for the maximum sentence of ten years' imprisonment speaks for itself that admission of the extraneous offense evidence was harmful error that affected Appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). Therefore, I respectfully dissent.[2]

---

[2]I share the concerns expressed by Chief Justice Hedges in *Rolle v. State*, 367 S.W.3d 746, 762 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (Hedges, C.J., dissenting), that offering unnecessary and highly inflammatory evidence that has nothing to do with an offense charged against a defendant and that serves no purpose other than to push the jury to give the defendant the maximum sentence possible disserves the policies underlying the penal code, frays "the very fabric of our criminal justice system," and contributes to the loss of trust by the public in the fairness of our courts.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PUBLISH

DELIVERED:  January 30, 2014