In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00342-CR
NO. 09-15-00343-CR
NO. 09-15-00344-CR
NO. 09-15-00345-CR

_____

**KENNETH RAY FERGUSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-06-06229-CR (Counts 1, 2, 3, and 4)**

**MEMORANDUM OPINION**

Appellant Kenneth Ray Ferguson pleaded guilty to four counts of possession of child pornography. After a trial on punishment, the jury found Ferguson guilty on all four counts and assessed punishment at ten years in prison on each count. The trial court sentenced Ferguson to ten years of imprisonment on each count and ordered the sentences to run consecutively. In a single appellate issue, Ferguson

contends the trial court abused its discretion by allowing the State to introduce extraneous offense evidence in violation of Rule 403 of the Texas Rules of Evidence. We affirm the trial court's judgments.

Background

A grand jury indicted Ferguson on four counts of possession of child pornography. *See* Tex. Penal Code Ann. § 43.26(a) (West Supp. 2015). Ferguson pleaded guilty before the jury to all four counts and elected to have the jury assess punishment. During the punishment hearing, the State presented the testimony of Captain Mark Seals of the Montgomery County Precinct 4 Constable's Office to show that Ferguson had downloaded videos containing child pornography from the internet.

Seals explained how he became involved in investigating child pornography cases and about the training he received on the ARES peer-to-peer file sharing network. Seals further explained that he uses the ARES network to search for child pornography on the internet and that the program he uses finds images of child pornography by recognizing the hash value. In September 2013, Seals was using the law enforcement version of the ARES network when it identified an internet protocol address that contained child pornography. According to Seals, an internet protocol or IP address is the home address for your computer that is assigned by

2

your internet service provider. Seals subpoenaed the internet service provider for the IP address and learned that Ferguson was the subscriber who owned the IP address. Based on the information obtained during his investigation, Seals obtained a search warrant and conducted a search of Ferguson's apartment that resulted in finding a laptop computer containing child pornography.

During Seals's testimony, the State introduced into evidence four videos containing child pornography that Ferguson had downloaded from the internet using the ARES file sharing network. The State also introduced evidence showing that the titles of the videos that Ferguson had downloaded included common search terms that are used to find child pornography on the internet. Additionally, over defense counsel's objection, the trial court admitted a printout that was automatically generated by the ARES program showing that there were additional files on Ferguson's computer that were of investigative interest.

Special Agent Jeffery Chappell with Homeland Security Investigations testified that he forensically examined Ferguson's computer by copying the hard drive and analyzing its contents. Chappell produced a report concerning the data he analyzed on Ferguson's computer and confirmed that the videos on Ferguson's computer contained images of child pornography. Based on his report, Chappell created a list of the search terms that Ferguson used to search for files on the

ARES network, and Chappell testified that those terms are used by people who are looking for images of child pornography. According to Chappell, Ferguson downloaded eighty-nine videos over an eight-day period, and it took Chappell approximately four and a half hours to view all of the videos. Chappell created two discs containing the eighty-nine videos of child pornography that he found on Ferguson's computer, and those discs were admitted into evidence without objection.

During the trial, the State played portions from six of the videos that Chappell found on Ferguson's computer. Before the prosecutor played the last video, Ferguson's counsel objected that playing any additional videos was cumulative and more prejudicial than probative. After hearing the prosecutor's argument that he only intended to play six of the eighty-nine videos that Ferguson downloaded, and that the additional video was different because it was more offensive, the trial court overruled defense counsel's objection.

Chappell also testified that he found twenty-seven graphic files containing child pornography on Ferguson's computer, and Chappell's forensic examination showed that Ferguson had deleted files containing still images from the child pornography videos. The State offered twenty-five printed images into evidence, and Chappell testified that they were screen shots from the videos he found and

that they represented what someone would find if he watched all eighty-nine videos. Ferguson's counsel objected to the admission of the printed images, arguing that because the jury had already seen the videos, the images were cumulative and prejudicial. The prosecutor argued that the images were not cumulative, because they were a representative sample of what the jury would see if they watched the full four-and-a-half hours of video. According to the prosecutor, the jury needed to understand that the evidence was comprised of more than the six videos that had been shown, and that Ferguson chose the evidence and it was not automatically prejudicial because it was graphic and offensive. In recognizing the nature of the evidence, the logistical difficulty of presenting the evidence to the jury, and that it was the punishment phase of the trial, the trial court admitted the twenty-five images into evidence.

During punishment, Ferguson testified that he had complied with the conditions of his bond for a year and a half, and that if the trial court gave him probation, he could comply with the conditions of his probation. Ferguson's mother, fiancé, employer, and commanding officer in the Texas National Guard all testified that Ferguson would be a good candidate for probation. Despite hearing evidence that Ferguson should receive probation, the jury assessed Ferguson's punishment at ten years in prison on each of the four counts with no

recommendation of suspending the sentences. The trial court entered judgment and ordered that Ferguson's sentences be served consecutively, totaling forty years. Ferguson appeals his sentences, claiming that he was denied a fair punishment trial and requesting a new trial.

Analysis

In his single point of error, Ferguson argues that the trial court abused its discretion by allowing the State to introduce extraneous offense evidence in violation of Rule 403 of the Texas Rules of Evidence and that the error was harmful because it affected the jury's punishment decision. According to Ferguson, although he was only charged with possessing four items of child pornography, the trial court allowed the State to admit evidence to support its theory that Ferguson was a serial downloader of child pornography. Ferguson contends that the evidence not only enflamed and confused the jury, but it was cumulative, prejudicial, and denied him the right to a fair punishment trial by preventing the jury from considering him as a candidate for probation.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We will uphold the trial court's ruling on the admissibility of evidence as long as the ruling "'was at least within the zone of reasonable disagreement.'" *Id.* (quoting

6

*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). If the trial court's ruling was correct on any theory of law applicable to the case, we must uphold the trial court's judgment. *Id.*

Unlike the guilt phase of trial, "'the question at punishment is not whether the defendant has committed a crime, but instead, what sentence should be assessed.'" *Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim. App. 2006) (quoting *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). In assessing punishment, our bifurcated trial system allows the jury to hear evidence critical to an "'enlightened determination of punishment[.]'" *Id.* (quoting *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998)). Except as otherwise provided by rule or statute, a jury is entitled to have before it all possible relevant information about the individual defendant whose fate it must determine. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). "Determining what is relevant then should be a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).

In addition to the Rules of Evidence, article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure is one of the guiding principles for the admissibility of evidence at the punishment phase of a trial. *See* Tex. Code Crim.

Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2015); *Sunbury v. State*, 88 S.W.3d 229, 233 (Tex. Crim. App. 2002). Article 37.07, section 3(a)(1) permits the introduction of relevant punishment evidence, including the circumstances of the offense for which the defendant is being tried, as well as "any other evidence of an extraneous crime or bad act that is shown beyond reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible[.]" Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). Although article 37.07, section 3(a)(1) allows the trial court to admit a broad range of relevant evidence, the admitted evidence must satisfy Rule 403 of the Rules of Evidence. *See Lamb v. State*, 186 S.W.3d 136, 143 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Rule 403 provides that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. Unfair prejudice refers to "'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Rogers*, 991 S.W.2d at 266 (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)). Thus, relevant evidence that is admissible under article 37.07, section 3(a)(1) may be excluded if

8

it fails to comport with Rule 403. *See id.*; *Lamb*, 186 S.W.3d at 144. Once a Rule 403 objection is raised, the trial court must balance the probative value of the evidence against its potential for unfair prejudice. *Montgomery*, 810 S.W.2d at 389. Rule 403 presumes that relevant evidence will be more probative than prejudicial, and the burden is on the appellant to demonstrate that the negative attributes of the admitted evidence outweigh its probative value. *Boone v. State*, 60 S.W.3d 231, 239 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Ferguson first complains that the trial court violated Rule 403 by admitting State's exhibit twelve, a printout from the ARES program showing that Ferguson's computer contained additional files of investigative interest. The record shows that Ferguson's counsel objected to the admission of State's exhibit twelve based on hearsay. Because Ferguson's hearsay objection at trial fails to comport with his Rule 403 complaint on appeal, we conclude that he has failed to preserve his argument regarding State's exhibit twelve for our review. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding appellant's general hearsay and relevance objections at trial failed to preserve his Rule 403 complaint on appeal).

Ferguson also complains that the trial court violated Rule 403 by admitting State's exhibits seventeen through forty-one, which are the printed images of the

9

graphic files that Special Agent Chappell found on Ferguson's computer. Ferguson's counsel objected to the admission of the images because they were cumulative and prejudicial. Once Ferguson raised a 403 objection, the trial court was required to perform a balancing test to determine if the evidence's probative value was substantially outweighed by the alleged negative attributes of the evidence. *See Montgomery*, 810 S.W.2d at 389; *Boone*, 60 S.W.3d at 239.

The record shows that the trial court conducted the required balancing test. In deciding to admit the images at issue, the trial court considered defense counsel's argument that the images were cumulative and prejudicial because the jury had already viewed the videos, as well as the State's argument that the images were a representative sample of what the jurors would see if they were to view all eighty-nine videos in the case. The trial judge recognized the difficulty in dealing with the nature of the evidence and the importance of not duplicating the evidence, but also noted that more evidence is relevant during the punishment phase of the trial and that the jury did not have the benefit of going through all of the evidence at a trial because Ferguson entered a plea of guilty. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (allowing the trial court to admit a broad range of relevant evidence during punishment, including circumstances for which the defendant could be held criminally responsible); *Rogers*, 991 S.W.2d at 265.

Although the images in State's exhibits seventeen through forty-one are undoubtedly prejudicial, we cannot say that the trial court abused its discretion by concluding that the probative value was not substantially outweighed by the danger of unfair prejudice. *See Martin*, 173 S.W.3d at 467. Because the images are representative of the number and nature of the child pornography videos that Ferguson downloaded to his computer, they demonstrated the circumstances surrounding Ferguson's crimes and were certainly relevant to the jury's determination of an appropriate sentence and the trial court's decision to cumulate the sentences. We conclude that the trial court's determination that State's exhibits seventeen through forty-one were not prohibited by Rule 403 falls within the zone of reasonable disagreement. *See id.* We overrule Ferguson's sole issue on appeal and affirm the trial court's judgments.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 20, 2016
Opinion Delivered August 10, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.