**Affirmed and Opinion Filed February 10, 2017.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01211-CR

## JAMES VERNON HARPER, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F-1262208-I

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

A jury convicted James Vernon Harper of sexual assault of a child and assessed punishment at ten years in prison. In three issues, Harper contends the trial court erred by not giving the jury an instruction on extraneous offense evidence in the punishment charge, and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Harper was a middle school coach and hall monitor. L.R. testified that when she was sixteen years old, Harper sent her a note to come to his office. She was uncomfortable but went because Harper was friendly to her and gave her things. When she arrived, Harper kissed her neck, dimmed the lights, and backed her into a corner. He unzipped her pants, laid her on the floor and pulled down her pants. She pushed him away and told him "No," but Harper told her

he did not want her to leave his office. Eventually, Harper put his mouth on her sexual organ. L.R. was able to push him off of her and get dressed. She left the office and went to the bathroom where she cried about what had happened.

L.R. also testified that when she was in his office, Harper told her about a case where a girl accused him of rape. L.R. thought Harper was found not guilty and the girl was harassed by other students and left the school. Because of this, L.R. was initially afraid to tell anyone what happened and felt no one would believe her. However, she told her principal a week later because Harper was following her around school.

The jury was instructed in the guilt-innocence charge that it could not consider any extraneous offense evidence unless it believed Harper committed the offense beyond a reasonable doubt. At the punishment stage, Harper requested the jury place him on community supervision and testified he had never been in trouble before L.R. accused him of sexual assault. On cross-examination, Harper denied telling L.R. he had been accused of rape, but admitted that another student accused him of rape. Harper did not request and the trial court did not include an instruction on extraneous offense evidence in the punishment charge. Harper did not object to this omission from the charge.

DISCUSSION

## A. Extraneous Offense Instruction

Harper argues in his first issue the trial court erred by not instructing the jury at punishment about the burden of proof for extraneous offense evidence under article 37.07, section (3)(a). *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). The State counters that the instruction was not required because the evidence was same transaction contextual evidence.

We first determine whether there is error in the charge, and, if we find error, we assess the harm from the error. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo*

*v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). If we conclude there is no error in the charge, we do not assess the degree of harm. *See Middleton v. State*, 125 S.W.3d 450, 453–54 (Tex. Crim. App. 2003).

> Article 37.07, section 3(a)(1) provides in relevant part:
>
> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to [1] the prior criminal record of the defendant, [2] his general reputation, [3] his character, [4] an opinion regarding his character, [5] the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, [6] any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (numbering added).

In *Bluitt v. State*, the court of criminal appeals noted that of the six types of evidence listed in article 37.07 section 3(a), only extraneous offenses and bad acts have an articulated burden of proof. *Bluitt v. State*, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Based on the unambiguous language of the statute, other forms of evidence, such as the circumstances of the offense, do not require proof beyond a reasonable doubt. *See id.* If evidence of an extraneous crime or bad act is admitted during punishment, the trial court must, even if not requested, instruct the jury not to consider the evidence unless the evidence shows beyond a reasonable doubt the defendant committed the offense. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000); *see also* TEX. CODE CRIM. PROC. ANN. art. 36.14.

Same transaction contextual evidence is evidence of another crime that is so "intermixed, blended, or connected with" the charged crime that it forms an indivisible criminal transaction. *Lamb v. State*, 186 S.W.3d 136, 141 (Tex. App.–Houston [1st Dist.] 2005, no pet.). It is background evidence admitted to show the context in which the criminal act occurred. *See*

*Prible v. State*, 175 S.W.3d 724, 731–32 (Tex. Crim. App. 2005); *Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993). Such evidence gives the jury information "essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven." *Camacho v. State*, 864 S.W.2d 524, 534–35 (Tex. Crim. App. 1993); *see also Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986) ("the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense because an offense is not tried in a vacuum").

Because same transaction contextual evidence serves to explain the circumstances surrounding the offense, it falls within the "circumstances of the offense" language of section 3(a)(1) rather than the "other evidence of an extraneous crime or bad act" language. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1); *see also Camacho*, 864 S.W.2d at 532; *Lamb*, 186 S.W.3d at 142. Thus, same transaction contextual evidence admitted or used during the punishment phase does not require a reasonable doubt instruction under section 3(a)(1) of article 37.07. *See Atkinson v. State*, 404 S.W.3d 567, 574 (Tex. App.–Houston [1st Dist.] 2010, pet ref'd); *Garza v. State*, 2 S.W.3d 331, 335 (Tex. App.—San Antonio 1999, pet. ref'd).[1]

L.R. testified at the guilt-innocence phase that she was afraid to tell anyone what happened to her because Harper told her about the rape accusation. In response to Harper's testimony during punishment that he had never been in trouble with the law, other than an evading arrest misdemeanor several years ago, the State asked whether he told L.R. he was accused of rape by another student. Harper denied telling L.R. about the accusation, but admitted a student accused him of rape. This evidence served to explain the circumstances

---

[1] This Court reached the same conclusion in an unpublished opinion. *See Duchane v. State*, No. 05-00-01141-CR, 2002 WL 232851, at *4–5 (Tex. App.—Dallas Feb. 8, 2002, no pet.) (not designated for publication) ("We therefore hold that 'same transaction contextual evidence' is not subject to the reasonable doubt charge instruction requirement of article 37.07, section 3(a).").

surrounding the offense for which Harper was charged, why L.R. delayed reporting the offense, and whether Harper told L.R. about the accusation to intimidate her and prevent her from telling anyone about his conduct. We conclude the evidence was same transaction contextual evidence and the trial court was not required to sua sponte give a reasonable doubt instruction. *See Atkinson*, 404 S.W.3d at 574–75. We overrule Harper's first issue.

## B. Ineffective Assistance

Harper argues in his second and third issues that his trial counsel was ineffective because he failed to request the reasonable doubt instruction discussed above and failed to object to the State eliciting Harper's opinion that anyone committing sexual assault of a child should go to prison. The State contends the record is insufficient to support the ineffective assistance of counsel arguments.

To successfully assert an ineffective assistance of counsel claim on direct appeal, appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The "claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent an opportunity for trial counsel to explain the conduct in question, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. Appellant has the burden to prove his claim by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We indulge in a strong presumption that counsel's conduct was *not* deficient. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Failure to make the required showing of either

deficient performance or sufficient prejudice defeats an ineffective assistance claim. *See Andrews*, 159 S.W.3d at 101.

Harper's motion for new trial did not assert a claim of ineffective assistance of counsel and there is no record of an evidentiary hearing on the motion. Thus, there is no record of trial counsel's strategies or reasons for the allegedly ineffective conduct. Because there is no evidence as to trial counsel's strategy, we cannot determine on this record whether counsel's performance fell below the standard of reasonable assistance. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (court could not know on silent record whether counsel had a good or bad reason for failing to raise Confrontation Clause objection).

Silent record notwithstanding, the trial court was not required to give the reasonable doubt instruction thus counsel's failure to request the instruction was not so outrageous that no competent attorney would have done the same. Further, Harper does not identify a specific objection counsel should have raised to the hypothetical question about punishment for someone who sexually assaulted one of Harper's daughters. Appellate counsel candidly admits he was unable to find any case law relevant to the issue, but asserts "it cannot be that a prosecutor is entitled to commit a defendant in this manner." Without authority to support a valid objection to the evidence, we cannot conclude the failure to object was outrageous conduct by Harper's trial counsel. *See Wert v. State*, 383 S.W.3d 747, 758 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (appellant required to provide authority to support contention that objections would have been meritorious to support ineffective assistance claim). Appellant has not shown on this record that his counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

The record before us does not rebut the strong presumption that counsel rendered effective assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003);

*Thompson*, 9 S.W.3d at 814 (appellant failed to rebut presumption of reasonable assistance because record was silent as to "why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay").  Thus, Harper has failed to establish his claim of ineffective assistance of counsel.  We overrule Harper's second and third issues.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
151211F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES VERNON HARPER, Appellant

No. 05-15-01211-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1262208-I.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of February, 2017.