**AFFIRM as MODIFIED; and Opinion Filed April 6, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00989-CR

**ISMAEL LOPEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80477-2021**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Partida-Kipness and Breedlove
Opinion by Chief Justice Burns

A jury convicted appellant Ismael Lopez of one count of continuous sexual abuse of a child, one count of indecency with a child by contact, and one count of indecency with a child by exposure and assessed sentences of ninety-nine years, twenty years, and ten years, respectively. In two issues, appellant contends (1) the trial court reversibly erred in overruling his objection to improper jury argument, and (2) this Court should reform the judgment for Count I to correctly reflect the victim's age. We modify the trial court's judgment for Count I and affirm it as modified. We also affirm the trial court's judgments for Counts II and III.

## Background

Y.P. was born on January 5, 2007 and was fourteen years old at the time of trial. Her brother O.P. was born on October 22, 2011. When Y.P. was seven years old, her mother met appellant. After a few months, appellant moved into their apartment and, when Y.P. was ten or eleven, married Y.P.'s mother.

Y.P. testified to several specific incidents of sexual abuse by appellant. The first incident occurred when she was ten years old. Appellant rubbed her vagina and breasts over her clothing and, afterwards, told her not to say anything. When she was thirteen years old, Y.P. woke up on a Sunday morning to find that her jeans had been removed. Appellant then removed her underwear and penetrated her vagina with his penis. During another incident, appellant touched Y.P.'s vagina over her sweatpants, moving his hand, while driving to a gas station. Appellant tried to put his hands inside Y.P.'s sweatpants, but she "didn't let him." Another time, Y.P. awoke on the bottom bunk of the bed she shared with siblings, and appellant was grabbing and squeezing her breasts.

Y.P. was unable to estimate how many times something bad happened with appellant because it was too many times to remember. The sexual abuse stopped for almost two years when appellant was out of the country, but resumed when he returned. Appellant showed Y.P. pornographic videos beginning when she was eleven, and later, showed her his private parts. He touched her vagina "probably once a week" and touched her breasts whenever other people were not around. He

–2–

penetrated her vagina with his penis approximately five times per month. Sometimes, he used a condom; sometimes, Y.P. observed "[s]omething white" come out of his penis. Occasionally, he left cash under her pillow after abusing her.

O.P. testified that, when he was about seven or eight years old, he witnessed appellant entering their bedroom and laying down with Y.P. "a lot of times." When this happened, Y.P.'s bed would shake, and O.P. heard appellant whispering to Y.P.

One of two uncles that lived with the family asked Y.P. about her relationship with appellant, and she told him about the abuse. The uncle told Y.P.'s mother, who called the police. Kayleigh Ishmael conducted a forensic interview of Y.P. at the Collin County Children's Advocacy Center. Ishmael testified that Y.P. made an outcry of sexual abuse naming appellant as the perpetrator.

Appellant elicited testimony about his concern that the uncles were involved in fabricating the allegations against him because he planned to have them removed from the family's home due to their drinking and, previously, his relationship with Y.P. had been good. There also was evidence that approximately ten people lived together in their small home, and defense counsel argued that, had the abuse occurred, someone would have seen or heard something.

The jury found appellant guilty as charged in the indictment. During the punishment phase of trial, the State presented evidence that appellant was arrested for assault in 2016 and, following another arrest in May 2017, was convicted of a state jail felony for possession of a controlled substance. After serving his sentence,

–3–

appellant was deported to Guatemala. He returned to live with the family in Plano approximately two years after his May 2017 arrest.

Appellant presented the testimony of his brother, his pastor, and several friends that, after returning from Guatemala, appellant had stopped drinking, provided for his family, and was a good and active parishioner at his church.

The jury assessed appellant's punishment at ninety-nine years' confinement for Count I (continuous sexual abuse of a child), twenty years' confinement for Count II (indecency with a child by contact), and ten years' confinement for Count III (indecency with a child by exposure). This appeal followed.

## Improper Jury Argument

In his first issue, appellant contends the trial court committed reversible error in overruling the following objection during the State's closing argument on punishment:

> [STATE]: If he was going to stop, he would have done it after he got convicted of a felony, deported, and came back. He would have already stopped, but he didn't because he's not going to. The only way that we can ensure that he's not going to abuse any other children is by putting him in a place where he has no access to children for as long as possible. Because it's not a matter of if he will do this again; it's a matter of when.
>
> Pedophiles don't age out. It's not like aggravated robbery where people get older and they commit less violent offenses.
>
> Most of our cases, they're 60s, 70s, 80s, a grandfather –
>
> [DEFENSE]: Your Honor, objection to this improper jury argument. There was no expertise offered on how often an offender –

THE COURT:  Overruled. It's jury argument.

[STATE]:  Most of our cases are grim.

There is a guarantee that he will do this again if given the opportunity. But there's another guarantee and that guarantee is that for every second, every year that he is in prison, he is not abusing another child . . . .

Appellant contends the argument improperly injected facts outside of the evidence at trial because there was "zero evidence as to a rate of recidivism" or "what percentage of these type of cases involved older defendants or how many of these defendants had grandchildren." And, according to appellant, the trial court's error in overruling his objection to the comments affected his substantial rights.

Generally, there are four proper areas of jury argument: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to an argument of opposing counsel; and (4) pleas for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). Counsel has wide latitude when drawing inferences from evidence, so long as those inferences are "reasonable, fair, legitimate, and offered in good faith." *Brown*, 270 S.W.3d at 572 (quoting *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988)). Counsel may not use argument to present evidence that is outside the record, *id*., and, in this case, the State's comments about pedophiles not "ag[ing] out" refer to facts not in evidence.

Jury argument that improperly refers to evidence outside the record is non-constitutional error, and we must disregard non-constitutional error unless it affected appellant's substantial rights. *See Freeman*, 340 S.W.3d at 728 (citing TEX. R. APP. P. 44.2(b)). To determine whether appellant's substantial rights were affected, we balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of the punishment assessed absent the misconduct. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (citing *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000)). We address these factors in turn.

*Severity of the Misconduct*

In evaluating the severity of the misconduct, we assess "whether [the] jury argument is extreme or manifestly improper [by] look[ing] at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Brown*, 270 S.W.3d at 573 (quoting *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997)). Here, the State began its initial closing by stating the range of punishment, twenty-five years to life, and arguing that the facts of the case, including appellant's grooming of Y.P., Y.P.'s age, and the frequency of the abuse, justified the maximum sentence. Citing evidence that appellant resumed the sexual abuse upon returning from Guatemala, despite the fact that he had otherwise changed his life for the better, the State then argued that the only way to prevent appellant from committing further

abuse was to deprive him of access to children for as long as possible. The State made the objected-to comments during this portion of its argument. In its final closing, the State argued again that the jury should consider the frequency, manner, and means of appellant's conduct and its long-term effects on Y.P. and her family in determining punishment. The State discussed appellant's criminal history and concluded by urging the jury to consider community safety, arguing again that the only way to keep appellant away from children and vulnerable mothers was to sentence him for as long as possible.

The objected-to comments were a very small portion of the State's overall argument. The State did not emphasize or repeat the comments. To the contrary, appellant's objection interrupted the comments and the State abandoned them, returning to its general argument that "a significant amount of time" was needed so appellant would not have the opportunity to hurt anyone else. *See, e.g.*, *Burnom v. State*, Nos. 01-86-00278-CR & 01-86-00279-CR, 1986 WL 13189, at *1 (Tex. App.—Houston [1st Dist.] Nov. 20, 1986, no pet.) (not designated for publication) ("potential prejudicial or inflammatory effects" of prosecutor's comment were nullified or diluted when defense counsel's objection interrupted the comment before prosecutor completed the intended thought).

Although appellant complains that the State continued to improperly advance the argument that it was "guarantee[d]" that appellant will "do this again," that argument was both a reasonable deduction from the evidence and a permissible plea

–7–

for law enforcement. *See, e.g., Stricklin v. State*, Nos. 05-21-00957-CR & 05-21-00958-CR, 2022 WL 6671636, at *3 (Tex. App.—Dallas Oct. 11, 2022, pet. ref'd) (mem. op., not designated for publication) (argument that appellant would continue assaulting young girls unless stopped was a proper plea for law enforcement and a logical deduction from the evidence, which showed that he unlawfully touched a child after being placed on administrative leave for touching another child); *Browne v. State*, 483 S.W.3d 183, 195, 197 (Tex. App.—Austin 2015, no pet.) (argument that "[t]here ought to not ever be any chance of [the defendant] getting out of prison" was permissible recommendation to assess a severe punishment based on evidence that the defendant committed multiple sexual offenses against two children and a plea for law enforcement); *Collins v. State*, 2 S.W.3d 432, 437 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (argument characterizing defendant as "a predator who preyed on women with small children" was a reasonable deduction from the evidence); *Martinez v. State*, 822 S.W.2d 276, 280 (Tex. App.—Corpus Christi–Edinburg 1991, no pet.) (statement suggesting defendant would molest other children absent conviction was proper plea for law enforcement). Viewing the State's closing argument as a whole, we cannot conclude that there was a willful and calculated effort to deprive appellant of a fair and impartial trial.

*Curative Measures*

The trial court overruled appellant's objection to the State's comments, which "magnified the possibility of harm." *See Mayberry v. State*, 830 S.W.2d 176, 179

–8–

(Tex. App.—Dallas 1992, pet. ref'd) (citing *Good v. State*, 723 S.W.2d 734, 738 (Tex. Crim. App. 1986)). But, because the State abandoned the comments after the objection, we conclude that the trial court's failure to take any curative measures had a minimal, if any, effect on the jury's assessment of punishment. *Compare Coleman v. State*, 577 S.W.3d 623, 640 (Tex. App.—Fort Worth 2019, no pet.) (finding curative measures factor weighed in favor of finding harm when trial court did not instruct jury to disregard improper argument and, thereafter, the State continued to advance and emphasize the argument).

### *Certainty of Punishment Absent the Misconduct*

The evidence supporting appellant's sentence was strong and, thus, weighs against a finding that appellant's substantial rights were affected.[1] Among other things, the evidence showed that appellant began abusing Y.P. when she was ten years old; he penetrated her vagina with his penis approximately five times per month; he touched her vagina about once a week and touched her breasts more frequently; and he committed some of these acts of sexual abuse while there was another child in the room. The sexual abuse stopped when appellant was deported to Guatemala, but it resumed upon his return. The State asked the jury to impose a

---

[1] Appellant disputes the strength of the evidence in the State's punishment case-in-chief, but the jury also was free to consider the evidence admitted during guilt-innocence in assessing appellant's punishment. *Alexander v. State*, 740 S.W.2d 749, 761 (Tex. Crim. App. 1987); *Atkinson v. State*, 404 S.W.3d 567, 572 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (evidence from guilt phase of trial is before jury at penalty phase by operation of law, and jury may consider all evidence adduced at guilt phase in assessing defendant's punishment); *Wright v. State,* 212 S.W.3d 768, 776 (Tex. App.—Austin 2006, pet. ref'd) (same).

life sentence based on evidence of the frequency and severity of the abuse, the effects of appellant's actions on Y.P. and her family, and appellant's criminal history. Having reviewed this evidence, we conclude the State's brief comments about pedophiles not "ag[ing] out" would have had little or no effect on the jury's punishment decision.

In sum, we conclude that the objected-to comments resulted in little, if any, prejudice to appellant. Although the trial court took no curative measures, the evidence before the jury supporting appellant's punishment was strong and the comments likely had little, if any, influence on the punishment. Accordingly, we conclude that appellant's substantial rights were not affected. We overrule appellant's first issue.

### Reforming the Judgment

In a second issue, appellant contends the judgment for Count I, the continuous sexual abuse of a child offense, should be modified to reflect that Y.P. was thirteen years old when the offense occurred. The State agrees.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Y.P. testified that the abuse began when she was ten years old, and the evidence showed that the majority of the abuse occurred when she was thirteen. The judgment for Count I, however, incorrectly states that

she was nine years old at the time of the offense.[2]  Accordingly, we sustain appellant's second issue, and modify the judgment for Count I by replacing the term "NINE (9) years" with "THIRTEEN (13) years" as the age of the victim at the time of the offense.  *See* TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529–30.

We affirm the trial court's judgment for Count I as modified and also affirm the judgment for Counts II and III.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210989F.U05

---

[2]  A judgment of conviction for continuous sexual abuse of a young child must state the victim's age. *See* TEX. CODE. CRIM. PROC. art. 42.01 § 1(27) (requiring a judgment to state that registration is required and provide age of victim if defendant is convicted of offense requiring registration under article 62); art. 62.001(5)(A) (including conviction for continuous sexual abuse of a young child as a reportable conviction or adjudication under article 62).  The judgments for Counts II and III correctly reflect Y.P.'s age as thirteen.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ISMAEL LOPEZ, Appellant

No. 05-21-00989-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-80477-2021.
Opinion delivered by Chief Justice Burns. Justices Partida-Kipness and Breedlove participating.

Based on the Court's opinion of this date, the trial court's Judgment of Conviction by Jury for Count I is **MODIFIED** as follows:

The term "NINE (9) years" is replaced with the term "THIRTEEN (13) years" as the age of the victim at the time of the offense.

The trial court's Judgments of Conviction by Jury for Count I, as **MODIFIED**, and Counts II and III are **AFFIRMED**.

Judgment entered this 6th day of April, 2023.